## Phillips' heirs vs. Jamison.

ORD. PET.

### ERROR TO LIVINGSTON CIRCUIT.

Case 32.

1. A party claiming under a sheriff's deed for land which purports to have been sold under execution, may show by other proof than that contained in the sheriff's return that the land was actually levied upon and sold and purchased by the grantee in the deed.

2. It is only where a certificate of purchase is produced and payment of the purchase money made, that a succeeding sheriff is authorized to convey land sold by his predecessor in office; and it is the duty of the sheriff to recite these facts in the conveyance, and such recitals are *prima facie* evidence of the facts.

3. A deed, though fraudulent, is good between the parties and all the world except creditors and purchasers. *Gilpin v. Davis*, 2 *Bibb*, 416; *Coleman v. Cary*, 1 *Marshall*, 440; *Vandemier v. Long*, 2 *Marshall*, 440. A stranger who is neither creditor nor purchaser, cannot impeach it.

This action of ejectment was brought in 1849 by the heirs of Robert Phillips, to recover the possession of a tract of about one hundred and fifty acres of land, being an island in the Ohio river called Wood island. The lessor of the plaintiff read in evidence the patent of the commonwealth to William E. Phillips, dated the 5th April, 1809, and a deed from William E. Phillips to Robert Phillips, dated 10th May, 1809, conveying sundry tracts of land embracing the

PHILLIPS' HEIRS *vs.* JAMISON.

island, and the certificate of the clerk of the Livingston county court, of the due acknowledgment of the same on the 16th June, 1809, and its admission to record. Also proved the death of Robert Phillips in 1833 or 1834; and that Samuel L. Phillips, the oldest child of Robert Phillips, was born about the year 1805.

The defendant admitted that he was in the possession of the island embraced by the patent and deed, at the service of the declaration in ejectment. The defendant read to the jury the record of a judgment from the Livingston circuit court in favor of Joseph McKean v. Joseph Reed, Joshua Scott, and William E. Phillips, and sundry executions which issued upon said judgment, one only of which it is supposed is relied upon to show a sale of this tract of one hundred and fifty acres under execution, as one of fourteen tracts referred to by the sheriff in his return upon an execution which issued on the 29th day of December, 1810, and came to the hands of James Johnson, sheriff of Livingston county, on the 4th day of January, 1811, and upon which he made the following return:

"Levied on fourteen tracts of land, there being no personal property found within my bailiwick, by the *same*, of which, on three months credit, I have made $1,163 87½, and the bonds herewith filed.

JAMES JOHNSON, *S. L. C.*"

Sundry bonds of purchasers of land are in the record, some of which mis-recite the execution above referred to, and some of which recite it correctly. But there no bond filed by which John Gray appears to have purchased any one of the fourteen tracts of land sold by the sheriff.

The defendant read to the jury a deed from a subsequent sheriff of Livingston county, to John Gray, for sundry tracts of land, one of which is the Wood island tract; also a copy of the order of court, by which James Johnson qualified as sheriff, and his successor Kirk, and Reed the successor of Kirk. The lessors of the plaintiff moved the court to exclude the

deed from Reed, sheriff, to Gray, from the jury, but this motion was overruled, and the deed read to the jury, a verdict and judgment was rendered for defendant, a motion for a new trial overruled. The case is brought up for revision.

B. & J. MONROE, for plaintiff—

1. The circuit court erred in refusing to exclude from the jury the deed from the sheriff to Gray, for the land in contest—1st. Because it is not shown by the sheriff's return on the execution that the one hundred and fifty acres of land in contest was levied upon, and that Gray was the purchaser—*Read v. Heasley,* 9 *Dana,* 325 ; 4 *B. Monroe,* 211—except by the recitals in the deed which are not evidence against plaintiff. 2d. It is not shown by any proof in the case that the sheriff did in fact sell the land to Gray under the execution read in evidence. 3d. The certificate of sale should be produced to show the authority of the subsequent sheriff to make the deed— *Lemon v. Craddock, Littell's Selected Cases,* 252. 4th, The return of the sheriff is too vague and indefinite to be the foundation of a valid title to land—*Withers v. Payne,* 12 *B. Monroe,* 343.

2. The court erred in its instructions to the jury. It was indispensable for Gray, or those claiming under him, to place themselves in the creditors position, to show a valid purchase under a judgment to enable them to assail the conveyance to the ancestor of the lessors of the plaintiff, which is valid against all the world except creditors and purchasers, this had not been done. The validity of a sheriff's sale may be impeached in ejectment. *Addison v. Crow,* 5 *Dana,* 78; 9 *Dana,* 325; 12 *B. Monroe,* 343.

3. The defendant has not sustained his defense upon the statute of limitations.

A new trial should have been granted by the circuit court.

J. B. HUSBANDS, for defendant—

The defendant shows a regular conveyance from John Gray, who purchased the land in contest at a sheriff's sale, under execution to satisfy a judgment against W. E. Phillips, who conveyed by deed to Robert Phillips, the ancestor of the lessors of the plaintiff by deed, which is alleged to be fraudulent, and made to defraud creditors. It is insisted that this fraud is clearly established by the relative wealth and condition of the two brothers, W. E. and Robert Phillips; the pendency of the suit against W. E. Phillips in the Hopkins circuit court; from the 17th January, 1809, before the date of the deed; the inability of Robert at the time to pay $5,000 *in hand*, as expressed in the deed; that so many tracts of land should all be included in the same deed; that W. E. Phillips should remove from the country about the same time, first taking all his negroes and then his family, and afterwards selling his personal estate; that he stood security for Gist, sheriff of the county, for an unknown amount, and was sued for a large debt, referred to in the record; that he so often consulted friends upon the best means of saving his property from execution; that no visible change in the possession of the land took place when the deed was made or afterwards, and Robert Phillips never did take possession, nor his heirs after his death, &c.

The deed being fraudulent, the sale was legally made, and Gray, the attorney for the plaintiff in the execution, purchased. The record shows, with reasonable certainty, that the land was sold, and Gray purchased—this is all the law requires. This reasonable certainty is shown by the records and sheriff's deed and its recitals.

Though recitals are not always evidence, they are in cases like this; it was a part of his duty to make such recitals, where it constituted part of his duty to make the deed.

The statute of limitation gives no protection as all his children were not laboring under disability at his death.

The court properly instructed the jury, that if the deed from W. E. to Robert Phillips was fraudulent, that no recovery could be had under it. Upon the whole case there should be an affirmance.

Judge SIMPSON delivered the opinion of the court.

September 30.

Although the sheriff's return upon the execution does not show who purchased the land upon which he had lived, nor with much certainty what land was levied on and sold by him, yet, as the defendant claimed the land in controversy under the sheriff's sale, he had a right to give in evidence the record of the suit, in which the judgment was rendered on which the execution issued, and also the execution and sheriff's return thereon, as the foundation upon which his title rested. Whether the land in controversy was levied on and sold by the sheriff, and purchased by Gray, the defendant's vendor, were matters of fact to be determined by the jury, and which the defendant had a right to prove by other testimony than that contained in the sheriff's return.

1. A party claiming under a sheriff's deed for land which purports to have been sold under execution, may show by other proof than that contained in the sheriff's return that the land was actually levied upon and sold, and purchased by the grantee in the deed.

As the law which authorizes a succeeding sheriff to convey to the purchaser land which had been sold and not conveyed by his predecessor in office, restricts the exercise of this authority to cases where the purchaser produces the certificate of the former sheriff of the actual *purchase*, and payment of the purchase money, we are of opinion that it is the duty of the sheriff making the deed, in such a case, to recite in the deed the fact of the purchasers' compliance with this requisition of the law, and that such recital, when made, is *prima facie* evidence that such a certificate was produced to him when he executed the deed. The court therefore properly permitted the sheriff's deed to be read as evidence to the jury, who however had to determine from all the evidence before them whether

the land embraced by the deed had or not been actually levied on and sold by the former sheriff.

Without adverting specially to each one of the instructions given by the court to the jury, we would remark, that they all seem to be substantially correct, except the seventh, which was given at the instance of the counsel for the defendant. It is radically wrong. It asserts the proposition, that if the deed of conveyance under which the plaintiffs claimed title, was fraudulent they could not maintain a suit upon it to recover the possession of the land in controversy.

3. A deed, tho' fraudulent, is good between the parties, and all the world except creditors and purchasers. *Gilpin v. Davis,* 2 *Bibb,* 416; *Coleman v. Casey,* 1 *Mar.,* 440; *Vandemier v. Long,* 2 *Marshall,* 440. A stranger, who is neither creditor nor purchaser, cannot impeach it.

The doctrine has been well settled by repeated adjudications of this court, that a deed executed to defraud creditors is nevertheless valid between the parties, and that it is good against all the world except creditors and purchasers—*Gilpin v. Davis,* 2 *Bibb,* 416; *Coleman v. Casey,* 1 *Marshall,* 440; *Vandemier v. Long,* 2 *Marshall,* 203. A stranger who is neither a creditor nor a purchaser cannot impeach it. The title passed by it, and the defendant to be able to rely upon the fraud in the deed, and contest its validity on that ground, must evince his right to do so, by showing that he is a purchaser for a valuable consideration.

The effect of the instruction as given was, that if the jury believed from the evidence that the deed under which the plaintiffs derived title to the land sued for was fraudulent, they had no right to recover, even although the defendants title, under the sheriff's sale, were invalid. This instruction was erroneous.

Wherefore, the judgment is reversed, and cause remanded for a new trial and further proceedings consistent with this opinion.